UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HAYWARD<br><br>Plaintiff,<br><br>v.<br><br>BLATT, HASENMILLER, LEIBSKER &<br>MOORE LLC and<br>PORTFOLIO RECOVERY ASSOCIATES, L.L.C.<br><br>Defendants. | CIVIL ACTION 1:14-cv-09030<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, EDWARD HAYWARD ("Edward"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, BLATT, HASENMILLER, LEIBSKER & MOORE LLC ("Blatt") and PORTFOLIO RECOVERY ASSOCIATES, L.L.C. ("PRA") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Edward is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all times relevant to the action, Blatt was an Illinois law firm with its principal office located at 125 South Wacker Drive, Suite 400, Chicago, Illinois 60606 and its registered agent is Leon Moore located at 10 South LaSalle Street, Suite 2200, Chicago, Illinois 60603.

6. Blatt is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

7. At all times relevant to the action, PRA was a Virginia corporation with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502 and its registered agent in Illinois is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8. PRA is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**FACTS SUPPORTING CAUSE OF ACTION**

9. PRA has been attempting to collect, from Edward, an alleged consumer debt in the amount of $933.36.

10. On May 22, 2013, Blatt, on behalf of PRA, filed a complaint in the Circuit Court of Cook County, Illinois against Edward. The case was captioned *Portfolio Recovery Associates, L.L.C. v. Edward Hayward, Jr.* case number 2013 M1 131125 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

11.     Blatt filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

12.     The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

13.     Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

14.     Cases filed in the First Municipal District are identified by the abbreviation "M1."

15.     Edward resides at 9801 South Karlov Avenue, Oak Lawn, Illinois 60453.

16.     Oak Lawn, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Fifth Municipal District. *Id.*

17.     The Bridgeview Courthouse is the courthouse that serves the Circuit Court of Cook County's Fifth Municipal District. *Id.*

18.     The Richard J. Daley Center Courthouse is 18 miles from Edward's home.

19.     In contrast, the Bridgeview Courthouse is 5.8 miles from Edward's home.

20.     In order for Edward to travel to the Bridgeview Courthouse from his home, he would merely have to drive on West 95th Street and park in the free parking lot at the Bridgeview Courthouse.

21.     According to Google Maps, the trip would take about 13 minutes.

22.     In order for Edward to travel to the Richard J. Daley Center Courthouse, he must take Interstate 94 West to Chicago, locate expensive parking for his vehicle, and make his way there either on foot or via taxi.

23. According to Google Maps, this trip will take 30 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

24. The courthouse closest to Edward's home is the Bridgeview Courthouse.

25. On April 24, 2014, Blatt caused an wage deduction summons service executed to be filed in the Collection Case. *See* Exhibit A.

### COUNT I -- VIOLATION OF THE FDCPA AGAINST BLATT

26. Edward repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

28. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

29. 15 U.S.C. §1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.

30. Blatt violated 15 U.S.C. §1692i(a)(2) when it caused an wage deduction summons service executed to be filed in the Collection Case against Edward on April 24, 2014, at the Richard J. Daley Center Courthouse, a location some 12.2 miles further from Edward's home than the Bridgeview Courthouse.

31. The closest courthouse to Edward's home is the Bridgeview Courthouse.

32. Blatt sued Edward, on behalf of PRA, at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

33. Blatt's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

WHEREFORE, Plaintiff, EDWARD HAYWARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF THE FDCPA AGAINST PRA

34. Edward repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

35. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

36. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

37. 15 U.S.C. §1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.


38. PRA violated 15 U.S.C. §1692i(a)(2) when it directed Blatt to file a wage deduction summons service executed in the Collection Case against Edward on April 24, 2014, at the Richard J. Daley Center Courthouse, a location some 12.2 miles further from Edward's home than the Bridgeview Courthouse.

39. The closest courthouse to Edward's home is the Bridgeview Courthouse.

40. PRA directed Blatt to sue Edward at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

41. PRA's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

WHEREFORE, Plaintiff, EDWARD HAYWARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 10, 2014    Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC #6299011
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188