# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EDWARD HAYWARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLATT, HASENMILLER, LEIBSKER ) <br> & MOORE, LLC and PORTFOLIO ) <br> RECOVERY ASSOCIATES, LLC, ) <br> ) <br> Defendants. ) <br> ) | No. 14 C 9030 <br><br> Judge John J. Tharp, Jr. |

## MEMORANDUM OPINION AND ORDER

Edward Hayward ("Hayward") filed an action against Blatt, Hasenmiller, Leibsker & Moore, LLC, ("BHLM") and Portfolio Recovery Associates ("PRA") for violating § 1692i(a)(2) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Hayward alleges that BHLM conducted abusive forum shopping when it filed a wage deduction summons in a venue where Hayward did not reside. Hayward also alleges that PRA engaged in abusive forum shopping when it directed BHLM to file the wage deduction summons. Currently pending before the Court is BHLM's motion for judgment on the pleadings, which is joined by PRA. *See* Mot., Dkt. 24; Mot., Dkt. 27. For the reasons outlined below, the Court grants the motion to dismiss with prejudice.

### BACKGROUND

Plaintiff Edward Hayward resides in Oak Lawn, Illinois.[1] Compl., Dkt. 1, at ¶ 15. Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC, is a law firm that regularly uses the

---

[1] On a motion for judgment on the pleadings, the Court accepts all well-pled facts as true and construes all reasonable inferences in favor of the plaintiff. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015).

mails or the telephone to collect, or attempt to collect, delinquent consumer accounts. *Id.* at ¶ 6. Defendant Portfolio Recovery Associates is a corporation that regularly uses the mails or the telephone to collect, or attempt to collect, delinquent consumer accounts. *Id.* at ¶ 8.

On May 22, 2013, BHLM, on behalf of PRA, filed a suit (the "collection action") against Hayward in the Circuit Court of Cook County, Illinois, in an attempt to collect an unpaid consumer debt. *Id.* at ¶¶ 9-10. The collection action was filed at the Richard J. Daley Center Courthouse, which serves Cook County's First Municipal District. *Id.* at ¶¶ 11-12. Oak Lawn, Illinois, where Hayward lives, is within the Circuit Court of Cook County's Fifth Municipal District and is served by the Bridgeview Courthouse. *Id.* at ¶ 16-17. The collection action resulted in a judgment entered against Hayward on September 13, 2013. On April 24, 2014, BHLM, directed by PRA, filed a proof of service of a wage deduction summons ("the wage garnishment summons") to enforce its judgment in the collection action. As part of the same collection case, this wage garnishment summons was also filed at the Richard J. Daley Center Courthouse for the First Municipal District, rather than the Bridgeview Courthouse for the Fifth Municipal District. *Id.* ¶ 30, 38.

Hayward then filed suit against BHLM in this Court, alleging that BHLM and PRA violated the FDCPA by filing the wage garnishment summons in a municipal district where Hayward did not reside.[2] BHLM has filed a motion for judgment on the pleadings, arguing that Hayward's claim is time-barred and should be dismissed, because the only FDCPA violation that

---

[2] *See Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 648 (7th Cir. 2014) (holding that the FDCPA requires actions against a consumer to be filed in "the smallest geographic unit relevant for venue purposes in the court system in which the case was filed, regardless of the source of the [state] venue rules.").

Hayward has alleged was the filing of the collection action on May 22, 2013, more than one year before this case was filed.

**ANALYSIS**

The relevant provision of the FDCPA provides: "Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). The statute of limitations for the FDCPA is "one year from the date on which the violation occurs." *Id.* § 1692k(d). Hayward alleges that the defendants violated the FDCPA when they filed the original collection action on May 22, 2013, and when they filed the wage garnishment summons on April 24, 2014. Hayward concedes that more than a year passed between the filing of the collection action and the filing of this FDCPA complaint, so the parties' only dispute is whether the later wage garnishment summons is a separate violation of the FDCPA.

The parties agree that Hayward qualifies as a consumer, that BLHM and PRA qualify as debt collectors, and that an affidavit for wage garnishment is a legal action on a debt within the meaning of the FDCPA. The parties contest whether a wage garnishment proceeding is a legal action on a debt *against a consumer* within the meaning of the FDCPA. BHLM maintains that a wage garnishment proceeding is not against the consumer, but is rather against the third-party employer. Hayward maintains, however, that a wage garnishment proceeding is an action against *both* the consumer and the employer, and is therefore subject to the venue provision of the FDCPA. Pl.'s Resp., Dkt. 41, at 7.

The parties agree that the statutory text does not define the term "against the consumer" and so does not answer the question of whether a wage garnishment action is against the

3

consumer or the third-party employer. *See also Smith*, 714 F.3d at 75 ("The text of the FDCPA provides no definition of that phrase and thus no guidance on the issue."). Accordingly, the issue turns on the nature of the state law garnishment proceeding; the court must consider whether Illinois law treats a wage garnishment proceeding as an action against the debtor or against the employer. BHLM argues that in Illinois, wage garnishment proceedings are against the third-party employer and not the consumer. Hayward counters that because garnishment targets the consumer's wages, which the employer has no beneficial interest in, and because Illinois law requires that judgment creditors provide notice of garnishment proceedings to debtors, a wage garnishment proceeding in Illinois is at the very least a hybrid action against both the garnishee (the employer) and the consumer. Holding otherwise, he maintains, would thwart the purpose of the FDCPA.

Illinois law defines wage garnishment proceedings as supplementary proceedings prosecuted for the purpose of enforcing a judgment already entered. *See* 735 ILCS 5/2-1402(a). As in all civil actions in Illinois, the general provisions of the Illinois Code of Civil Procedure apply to wage garnishment proceedings except as otherwise provided by other statutes specifically governing wage garnishment. *See id.* at 5/1-108(a)-(b). Illinois Supreme Court Rule 277 is a separate rule that further governs wage garnishment proceedings, and to the extent Rule 277 governs procedure, it controls. *Id.* at 5/1-108(b); *see also In re Riverwoods Park Dist.*, 247 Ill. App. 3d 702, 706, 617 N.E.2d 464, 467 (Ill. App. Ct. 1993); *Bank of Hickory Hills v. Hammann*, 108 Ill. App. 3d 834, 838, 439 N.E.2d 1048, 1052 (Ill. App. Ct. 1982). Rule 277 expressly distinguishes between an action against a third party and an action against a judgment debtor and prescribes different venue rules as to each, a fact that undermines Hayward's theory that a garnishment proceeding is a "hybrid" action against both: "A supplementary proceeding

4

against a third party must, and against the judgment debtor may, be commenced in a county of this State in which the party against whom it is brought resides . . . ." ILCS S. Ct. R. 277(d). An employer of the judgment debtor is indisputably a "third party" under the rule, which it defines to include anyone other than the judgment debtor who is "indebted to the judgment debtor," ILCS S. Ct. R. 277(a), so there can be no dispute that an employer of the judgment debtor is a "third party" under subparagraph (d). It follows, then, that Rule 277 must be read to provide that an action to garnish wages that an employer owes to a judgment debtor is an action against the employer rather than against the judgment debtor.

Article XII of the Illinois Code of Civil Procedure imposes additional procedural requirements for wage garnishment proceedings. *See* 735 ILCS 5/12-801, *et. seq.* The wage garnishment summons is issued against the employer only and imposes upon the employer a duty to respond, in writing and under oath, to interrogatories designed "to elicit all the information necessary to determine the proper amount of non-exempt wages." *Id.* at 5/12-805(a); *see also* ILCS S. Ct. R. 277(b) (providing that "[t]he supplementary proceeding shall be commenced by the service of a citation on the party against whom it is brought"). The judgment debtor is entitled to receive a wage deduction notice and the employer's completed interrogatories. *Id.* at 5/12-805(b). Both the judgment creditor and the debtor each have the right to contest the truth or sufficiency of the employer's answer, and the judgment debtor may request a hearing to dispute the wage deduction if it includes wages the debtor believes are exempt. *Id.* at 5/12-811(a)-(b). A successful wage garnishment proceedings results in a judgment entered against the employer and a lien on wages due to the judgment debtor/employee. *Id.* at 5/12-808(b), (e). The costs of the wage garnishment proceedings are charged to the judgment debtor unless the court determines that costs incurred by the judgment creditor were improperly incurred. *Id.* at 5/12-814(a).

The requirements outlined above compel the conclusion that garnishment proceedings are actions against the third-party employer rather than against the debtor/employee. First, wage garnishment proceedings must be commenced in the venue where the third party resides, regardless of where the judgment debtor resides. *See* ILCS S. Ct. R. 277(d). Second, the summons imposes an affirmative duty on the employer to act: the employer must respond to the summons, answer a series of interrogatories, and ensure the judgment debtor receives a copy of the necessary notice materials. *Id.* at 5/12-805(a)-(c). Third, and by contrast, a garnishment proceeding imposes no duties or obligation on the judgment debtor; the judgment debtor is neither required to respond nor to become involved in the proceedings whatsoever. *See id.* at 5/12-811(a). Fourth, if the judgment debtor seeks to participate in the garnishment proceeding, it is only permitted to litigate the issue of wage exemption, not the validity of the underlying debt. *Id.* at 5/12-811(b). Fifth, the judgment that results from wage garnishment proceedings is entered against the employer, rather than the consumer. *Id.* at 5/12-808(b). Finally, the relevant rule governing such actions describes the proceeding as being "against" the employer. *See* ILCS S. Ct. R. 277(a).

Hayward argues that the 1990 Amendments of the Illinois Code of Civil Procedure, which require notice and permit limited participation by debtors, support her characterization of garnishment proceedings as actions against the consumer. These provisions include requirements to provide judgment debtors with notice of, and the right to participate in, wage garnishment proceedings. *See* Act of Sept. 6, 1990 (the "1990 Amendments"), Pub. Act 86-1268, 1990 Ill. Laws 2197. The 1990 Amendments, for example, gave judgment debtors the right to contest the truth or sufficiency of the employer's answer and provided that "no deduction order shall be entered in favor of the judgment creditor unless the affidavit filed by the judgment creditor

certifies that a copy of the wage deduction notice has been mailed to the judgment debtor." *Id.* (codified at 735 ILCS 5/12-811(e)). Unquestionably, the addition of these provisions in 1990 provided some protection to judgment debtors with respect to garnishment proceedings where before they had none.

That the Illinois law on wage garnishments provides notice and a limited right to participate in garnishment proceedings, however, does not mean that wage garnishment proceedings are properly characterized as actions "against" the consumer. *See Smith,* 714 F.3d at 76 (noting that procedural protections indicate that the consumer has an interest in wage garnishment proceedings but do not change the fundamental character of the action). Notwithstanding these provisions, the consumer's interest in, and influence on, garnishment proceedings is limited because the wage garnishment proceedings are concerned only with the amount of wages that are exempt or non-exempt and provide no opportunity for the consumer to challenge the underlying validity of the debt itself. *See* 735 ILCS 5/12-811(b) (allowing the judgment debtor an opportunity to challenge only the employer's answers relating to wage exemption). Moreover, the 1990 Amendments did not change the requirement that a wage garnishment proceeding be filed where a third party resides: the Illinois Code of Civil Procedure remains concerned with obtaining personal jurisdiction over the third party in a new, supplementary proceeding, not the consumer against whom judgment was already entered. For these reasons, the Court concludes that a wage garnishment proceeding in Illinois is most appropriately characterized as an action against the third-party employer and not the consumer.

The Seventh Circuit has not addressed this issue, but this Court's conclusion that a garnishment proceeding is "against" the employer is consistent with the First Circuit's evaluation of similar proceedings under Massachusetts law. In *Smith*, the First Circuit concluded that

7

Massachusetts wage garnishment actions are against the third-party employer after noting several characteristics of Massachusetts law that are similar to the Illinois law outlined above. First, the *Smith* court noted that Massachusetts law requires that the summons in a wage garnishment action be directed to the trustee,[3] who is the party required to answer. 714 F.3d at 76; *see also* Mass. R. Civ. P. 4.2(b). The *Smith* court also pointed out that a defendant debtor in Massachusetts can appear to be heard on the motion for approval of attachment but does not thereby submit herself to the court's jurisdiction. 714 F.3d at 76; s*ee also* Mass. R. Civ. P. 4.2(c). Following its analysis of Massachusetts wage garnishment procedure, the court ultimately concluded: "There is no doubt that the debtor has an interest in the proceeding; she must be given notice of the hearing and an opportunity to contest the attachment. Fundamentally, however, a Massachusetts trustee process action is geared toward compelling the trustee to act, not the debtor." *Smith*, 714 F.3d at 76. The Eleventh Circuit has held similarly, albeit in a non-precedential ruling. *See Pickens v. Collection Servs. of Athens, Inc.*, 165 F. Supp. 2d 1376, 1380 (M.D. Ga. 2001) (holding that as required by the Georgia code, the garnishment action at issue was an action by the judgment creditor against the garnishee, and not against the consumer), *aff'd sub nom. Pickens v. Collection Servs.*, 273 F.3d 1121 (11th Cir. 2001).

Hayward urges that *Smith* and *Pickens* are distinguishable because in those cases, unlike here, the underlying collection action had been brought in the venue required by § 1692i(a)(2). Hayward contends that the facts here are "on all fours with the scenario that Congress sought to prevent by enacting the FDCPA's venue provisions" because the underlying collection lawsuit

---

[3] The Massachusetts law at issue in *Smith* allows a creditor seeking to collect on a lawfully obtained judgment to attach a debtor's wages via trustee process by filing a new lawsuit against the trustee, defined as someone who holds goods, effects or credits of the defendant. *See* Mass. R. Civ. P. 4.2.

8

against him was brought in an improper venue. Pl.'s Resp., Dkt. 41, at 4. In *Smith* and *Pickens*, he argues, each plaintiff got his day in court to contest the collection claims, but Hayward did not: although the venue of the underlying collection suit was improper, Hayward's claim against BHLM for improper venue based on the collection action itself is time-barred. As a result, Hayward asserts that suing on the wage garnishment proceeding is his "only means of protecting his rights as a consumer." *Id.*

Not so. Hayward had the same "means of protecting his rights" that every other consumer has, namely, filing a timely suit for improper venue in the underlying collection action. Hayward never explains why he could not have protected his rights as a consumer by bringing a timely action under § 1692i(a)(2). The FDCPA clearly gives a remedy to those consumers who are forced to defend suits in distant, inconvenient forums and bring a § 1692i(a)(2) action within the statute of limitations; Hayward had the same remedy, and the same opportunity, that every other consumer has to protect his rights in the original collection action—he simply failed to do so. Allowing a plaintiff who fails to bring an action within the guidelines set forth in § 1692k(d) to then make a § 1692i(a)(2) claim after the creditor obtained a lawful judgment on the debt and initiated a garnishment proceeding against the debtor's employer to enforce that judgment would essentially toll the statute of limitations that Congress established for venue challenges under § 1692i(a)(2).

Hayward's attempt to distinguish *Smith* and *Pickens* is therefore unpersuasive and his invocation of the Ninth Circuit's opinion in *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994) adds nothing to the force of his argument. In *Fox*, the Ninth Circuit reversed a grant of summary judgment in favor of a judgment creditor that filed a garnishment proceeding in a judicial venue other than where the judgment debtor resided. 15 F.3d at 1511, 1515. But, as

9

the First Circuit recognized in *Smith*, and as Hayward acknowledges, in *Fox* the Ninth Circuit did not address the meaning of the phrase "against any consumer" in the FDCPA; instead, the court considered only the question—undisputed here—of whether a garnishment action was a "legal proceeding" within the meaning of the FDCPA. *Id.* at 1515. The Ninth Circuit held that it was, and this Court takes no issue with that ruling, but *Fox* says nothing about the issue in dispute here, namely whether it is a legal action *against the consumer*. Many other courts have distinguished *Fox* on this basis as well. *See, e.g.*, *McDermott v. Barton*, No. 14-CV-704-NJR-PMF, 2014 WL 6704544, *7-8 (S.D. Ill. Nov. 26, 2014); *Pickens*, 165 F. Supp. 2d at 1381; *Adkins v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 2:11-CV-00619, 2012 WL 604249, at *4 (S.D. Ohio Feb. 24, 2012); *Smith v. Kramer & Frank, P.C.,* No. 4:09CV802FRB, 2009 WL 4725285, at *5 (E.D. Mo. Dec. 2, 2009); *Lord v. Carragher* (*In re Lord*), 270 B.R. 787, 797 (Bankr. M.D. Ga. 1998).

As the First Circuit also explained in *Smith*, there is no inconsistency between state laws requiring garnishment actions to be filed in the garnishee's district and the FDCPA's venue provision. The concern animating the FDCPA venue provision was that a debt collector would file in an inconvenient forum, obtain a default judgment, and thereby deny the consumer an opportunity to defend himself. *See* S. Rep. No. 95-382, at 5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. In this respect, the FDCPA provides a remedy at law for consumers who are sued in improper venues: under § 1692i(a)(2), a consumer may file a claim against a debt collector who files a legal action on a debt in a venue that does not comply with the FDCPA venue requirements. Of course, the consumers' redress is not without limits: the statute bars any actions against a debt collector that are not brought within the statutory time limitation. *See* 15 U.S.C. § 1692k(d).

Further undermining Hayward's claim that allowing enforcement actions to be filed in judicial venues other than would be required by § 1692i(a)(2) is the Federal Trade Commission's ("FTC") commentary on the FDCPA venue provision, which concludes that it is permissible to collect on a judgment against a consumer by filing third-party enforcement actions in jurisdictions other than the debtor's home court. Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,109 (Dec. 13, 1988). Seeking to make a silk purse from a sow's ear, Hayward notes that the FTC's commentary assumes that the underlying collection action was filed in the venue required by § 1692i(a)(2), and that is true enough, but he then argues, unconvincingly, that the right to file a collection action in a different venue is contingent upon having filed the collection action in the proper venue. The commentary says nothing about abrogating state law venue requirements if the original collection action was brought in an improper venue, but it plainly takes issue with the premise of Hayward's argument, namely that garnishment proceedings are actions against the consumer; if they were, no enforcement action could be brought outside the debtor's home court, regardless of where the underlying collection action had been filed.

The concern that a debt collector would file in a distant forum to obtain a default judgment and prevent the consumer from defending himself is not at issue in an action where judgment has already been determined and is merely being enforced. Moreover, even Hayward's proposed interpretation would not protect against filing a collection action in a distant forum, obtaining a default judgment, and then filing a wage garnishment action—where the consumer would be unable to contest the validity of the debt—in the closest forum to the judgment debtor after the statute of limitations has already passed. Simply put, the forum where the original

collection action was filed has no bearing on whether a subsequent wage garnishment proceeding is "against a consumer" or not.

Holding otherwise, moreover, would substantially hinder the collection efforts of debt collectors with lawfully-obtained judgments. As the First Circuit pointed out in *Smith*, 714 F.3d at 77, "to interpret the FDCPA venue provision as *Fox* [and other cases] do, it would be impossible for a debt collector to enforce a prior judgment . . . unless the judgment debtor happened to reside or to have signed the underlying contract in the same county in which the trustee had a usual place of business." *See also, e.g.*, *Pickens,* 165 F. Supp. 2d at 1380 ("[T]he Court is concerned that requiring the action to be filed in the judgment debtor's county of residence, as in the case here, may not afford courts jurisdiction over garnishees."). There is nothing in the text or history of the FDCPA that suggests that Congress intended to eliminate actions against third parties to enforce lawfully obtained judgments obtained against consumer debtors. *See Smith*, 714 F.3d at 77; *Etro v. Blitt & Gaines, P.C.*, No. 14 C 8924, 2015 WL 1281521, at *8 (N.D. Ill. Mar. 18, 2015).

Although the Seventh Circuit has not addressed the question of whether a garnishment proceeding constitutes an action against the consumer under the FDCPA, it appears that every judge in this district to have considered the matter has agreed that Illinois garnishment actions are not actions against the consumer.[4] *See, e.g., Etro*, 2015 WL 1281521, at *3 ("[A] wage deduction action was not "any legal action on a debt against any consumer" and thus, it did not trigger the Fair Debt Collection Practices Act's venue requirements."); *Henciek v. Law Office of*

---

[4] Hayward notes that in *Blakemore v. Pekay*, 895 F. Supp. 972, 983 (N.D. Ill. 1995), Judge Coar followed *Fox* in holding that a wage garnishment action can give rise to a violation of FDCPA's venue provision. True enough, but as in *Fox*, the court was not presented with, and did not discuss, the question of whether a garnishment action is an action "against a consumer."

12

*Keith Shindler*, No. 14 C 07149 (N.D. Ill. Mar. 3, 2015) ("[B]ecause an action under the IWDA is viewed as an action between the judgment creditor and the garnishee, it is not a legal action 'against any consumer' and therefore does not constitute a legal action with the meaning of the FDCPA's venue provision"); *Jackson v. Blitt & Gaines, P.C.*, No, 14 C 8625 (N.D. Ill. Feb, 18, 2015) ("Illinois law . . . views garnishment as an action against the garnishee, not the debtor."); *see also McDermott*, 2014 WL 6704544, at *8 (Southern District of Illinois: "Because the garnishment proceeding is viewed as an action between the judgment creditor and the garnishee, it is not a legal action 'against any consumer,' and therefore does not fall within the FDCPA's venue provision."). Finding the reasoning of these courts, as well as that of the First and Eleventh Circuits in *Smith* and *Pickens*, to be compelling, this Court reaches the same conclusion: the FDCPA term "any legal action on a debt against any consumer" does not include Illinois wage garnishment proceedings.

*   *   *

For the reasons discussed above, the Court grants the defendants' motions for judgment on the pleadings and enters judgment for the defendants.

Dated: July 29, 2015

John J. Tharp, Jr.
United States District Judge